45 N.J. Super. 66 (1957)
131 A.2d 428
NORMA R. HOLLAND, PLAINTIFF,
v.
THE LINCOLN NATIONAL LIFE INSURANCE CO., A CORPORATION OF THE STATE OF INDIANA, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 1, 1957.
*67 Messrs. Brown, Connery, Kulp & Wille, attorneys for the plaintiff (Mr. George F. Kugler, Jr., appearing).
Messrs. Starr, Summerill & Davis, attorneys for the defendant (Mr. Sidney P. McCord, Jr., appearing).
DZICK, J.C.C. (temporarily assigned).
In May 1953 the defendant, under the terms of Group Life Insurance Policy No. GL203 and Group Non-Occupational Accidental Death Policy No. G AD203, issued certificates of insurance No. 32159 on the life of one William A. Heggan. The certificate sets forth the pertinent provisions of both policies and names the plaintiff as beneficiary.
The insured died on or about September 7, 1953, and the plaintiff made claim under both policies, claiming that *68 the insured's death was the result of accidental drowning. The defendant paid the amount due the plaintiff under the terms of the life policy, but refused, and has continued to refuse, to make payment under the non-occupational accidental death policy.
In April 1956 the plaintiff commenced this action, seeking the accidental death benefits.
This is the adjourned return day of a motion to strike the affirmative defense as set forth in the answer of the defendant, to wit, that the statute of limitation should be stricken as a defense, and also in effect the renewal of a motion for a summary judgment in favor of the defendant, dismissing the plaintiff's cause of action on the ground that it is barred by the statute of limitations.
It is encumbent upon the court to ascertain first, whether the policies here in question are two group policies or whether they are two individual policies, and secondly, whether the policies here in question are supplemental one upon the other.

I.
Group insurance, which at the present time is quite generally written, is a form of insurance whereby the individual lives of a group of persons, usually employees of a business concern, are, in consideration of a flat periodical premium based upon an average age, and paid either by the employer in whole or partially by both the employer and employee, insured each in a definite sum so long as he or she remains in such employment and the premiums are paid. Couch, Encyclopedia of Law of Insurance, par. 20, p. 44.
Here we have two policies of insurance, that is, two group policies of insurance issued by the defendant, to wit GL 203 which is a group life insurance policy, and G AD203 which is a group non-occupational accidental death policy, both issued to the decedent, and evidenced by a certificate of insurance No. 32159. R.S. 17:38-1 to 17:38-13, inclusive, deal with individual policies. Commencing with section 17:38-14 the Revised Statutes deals with group insurance *69 policies. Subdivision n of section 17:38-18 of the Revised Statutes provides that "no action at law or in equity shall be brought to recover on the policy prior to the expiration of 60 days after proof of loss has been filed in accordance with the requirements of the policy and that no such action shall be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy." Like any other kind of a contract, where the terms of an insurance policy are clear a court must enforce the contract as is finds it. Brindley v. Firemen's Insurance Co., 35 N.J. Super. 1 (App. Div. 1955).
Group insurance has received legislative regulation as for example in R.S. 17:38-14 (any policy or contract of insurance against death or injury resulting from death or accident or accidental means which covers more than one person, other than a blanket insurance policy, shall be deemed a group accident insurance policy).
The court is of the opinion that the accidental death and disability provisions as set forth in R.S. 17:34-20 have reference to individual policies and not to group insurance, that the only reference to group insurance is in R.S. 17:38-14, and that the statute of limitations for group insurance is two years.

II.
The term "supplemental" is defined generally as servicing; to supply what is lacking; that which is added to a thing to complete it; that which supplies the deficiency or meets a want; something added to supply defects in the thing to which it is added, or in aid of which it is made. Policy GL203 is a group life insurance policy complete on its face, and policy G AD203 supplies nothing that is lacking, nor does it add anything to policy GL203 to supply any defect. The latter policy in no way supplements the ordinary group life policy. This is an additional policy, for non-occupational death.
In a non-occupational death policy the defendant should be given an opportunity within a shorter time to investigate *70 the cause of the insured's death. In an ordinary life policy, all that is required is to prove the death of the individual, and the cause of his death would not be of any importance; whereas in a non-occupational accidental death policy whether the insured did or did not die from accidental causes, is a very important factor, and for this reason the statutory requirement for a two-year limitation gives the defendant an opportunity to expeditiously investigate and defend any claims which it may contest.
These are two distinct and separate policies of insurance, covered by our statute dealing with group insurance, and our statute has placed a limitation of two years within which to commence suit. Therefore, the defense of the two-year limitation will not be stricken.
If counsel will prepare an order denying the plaintiff's right to strike the defense of the statutory two-year limitation, the court will sign it.
At the time these motions were argued, the court observed that one of the issues in the pretrial order was waiver. Since waiver was raised as a defense, a summary judgment could not be allowed in behalf of the defendant. However, since the motion was decided the court was advised that the defense of waiver has, by consent of both counsel, been abandoned and it is no longer being urged.
The court concludes that these policies are two separate group policies and that the period within which suit must be instituted on said policies is two years.